UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASA CROSS,<br>    Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE<br>MANAGEMENT, LLC;<br>    Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW YOUR PLAINTIFF ASA CROSS and files his Complaint for Damages against the Defendant named above and shows the following:

## NATURE OF THE ACTION

1.   This is an action against the Defendant for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"). Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the FDCPA which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

Page 1 of 10
1872-0002

## JURISDICTION, PARTIES, AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

6. Plaintiff is a natural person residing in Houston County, Georgia.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

8. Defendant Credence Resource Management, LLC (hereinafter "Credence") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Credence is authorized to transact business in the State of Georgia.

10. Defendant Credence maintains no assets in the State of Georgia.

11. Summons and Complaint may be served on Defendant Credence by service on their registered agent for service of process in Georgia, Corporation Services Company at, 30 Technology Parkway South, Suite 300, Norcross, GA 30092.

12. Defendant was in fact doing business in this state at all times relevant to this action through its various collection efforts.

13. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

## FACTS GIVING RISE TO THIS COMPLAINT

14. Sometime prior to September 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) with AT&T.

15. Plaintiff terminated his account with AT&T and returned cell phones associated with the account.

16. AT&T refused to comply with Plaintiff's termination of the contract and continued to collect, and ultimately deemed the account in default.

17. Upon information and belief, at some point prior to September of 2016, AT&T hired Defendant Credence to collect Plaintiff's defaulted account.

18. Defendant Credence's principle business is the collection of defaulted consumer debt and Defendant Credence is thus a debt collector.

19. Defendant Credence acquired Plaintiff's account after the account had been identified as in default.

20. On or about September 30, 2016, Defendant Credence sent a dunning letter to Plaintiff.

21. A copy of that dunning letter is attached hereto as Exhibit A.

22. The dunning letter directed the consumer to the Defendant's website (http://www.credencerm.com) to make a payment.

23. To make a payment through the website the consumer is required to "authorize Credence Resource management LLC and its representatives to contact me by telephone, automatic dialing system or device, email, mail, SMS, chat and/or through this website."

24. There is no way to opt out of this authorization.

25. The page also tells the consumer that, "Convenience Fees vary by state."

26. A copy of this web page is attached hereto as Exhibit B.

27. Once the consumer completes the first page as shown in Exhibit B, her browser is directed to a page to accept credit card payments.

28. A copy of this page is attached hereto as Exhibit C.

29. Defendant Credence then attempts to collect a $5.00 fee for processing the credit card.

30. On information and belief, this processing fee is not allowed by any contract between the Plaintiff and Defendant Credence.

31. On information and belief, the balance Defendant Credence was attempting to collect was not allowed, or authorized by any contract between Plaintiff and AT&T or Defendant Credence.

32. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692e and 1692f.

## DAMAGES

33. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

34. The above-detailed conduct by this Defendant (and their agents) of harassing Plaintiff to collect this debt was a violation of numerous and multiple provisions of the FDCPA.

35. Plaintiff has suffered actual injuries the FDCPA seeks to prevent, to wit:

   a) Plaintiff was misled because of Defendant's violations of the FDCPA;

   b) Plaintiff suffered mental distress because of Defendant's violations of the FDCPA, and;

   c) Plaintiff's statutory rights were invaded.

36. Plaintiff has Article III standing to bring these claims against the Defendant.

### Count I and II – Violations of the FDCPA and Georgia's Fair Business Practices Act

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. By reason of the foregoing, Defendant and its agent's actions and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

40. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

41. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $350.00.

42. Plaintiff is entitled to recover his attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

43. A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

44. O.C.G.A. §§ 10-1-391 et seq. provides for the trebling of damages and for an award of attorney's fees whenever an entity has intentionally or willfully violated the protections afforded by the Georgia Fair Business Practices Act.

45. Defendant Credence willfully and intentionally violated the FDCPA as alleged hereinabove.

46. Defendant Credence is thus liable to Plaintiff for the trebling of any damages, whether statutory or actual, awarded to him for Defendant Credence's violations of the FDCPA.

## Count III -- Negligence

47. Paragraphs 1 through 46 are incorporated herein by reference.

48. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Plaintiff's damages as alleged herein.

49. Defendant had duties under Georgia and federal law to treat Plaintiff fairly and in a manner that was not abusive.

50. Defendant breached those duties as alleged herein.

51. Defendant's conduct and omissions are the proximate cause of the damages suffered by Plaintiff in an amount to be determined by the trier of fact.

## Demand for a Jury Trial

52. Trial by jury is hereby demanded.

[Continued on next page]

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $1,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted September 23, 2017.

/s/  Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/  Ronald Edward Daniels
Ronald Edward Daniels
Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 23rd day of September, 2017.

                                              /s/  Clifford Carlson
                                              Clifford Carlson
                                              Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com         ATTORNEY FOR PLAINTIFF